UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 01-4259

JAMES CLAUDE BAILEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-00-21)

Submitted: August 17, 2001

Decided: August 28, 2001

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Henry L. Marsh, III, Frederick H. Marsh, HILL, TUCKER &
MARSH, Richmond, Virginia, for Appellant. Kenneth E. Melson,
United States Attorney, Michael R. Smythers, Assistant United States
Attorney, Thomas Scott Liverman, Third Year Law Student, Norfolk,
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted James Claude Bailey of various tax-related offenses. On appeal, Bailey alleges that the evidence was insufficient to support the findings of guilt because the witnesses against him were not credible. Finding no reversible error, we affirm.

The testimony at trial showed that, in addition to his regular employment with the United States Postal Service, Bailey prepared tax returns for co-workers and other individuals. Bailey testified that he was trying to start a business as a tax preparer. Several of the witnesses testified that they went to Bailey because they were told (by either Bailey or others) that Bailey could get them greater refunds and because Bailey said he had extensive knowledge of IRS regulations and had worked for the IRS.[1]

The taxpayer witnesses testified that they were eventually audited by the IRS, and it was discovered that most, if not all, of the deductions for charitable contributions, business losses, and/or miscellaneous business expenses listed on their returns were overstated. The witnesses further testified that they did not supply Bailey with information to support the questionable deductions, nor did they know where Bailey got the figures.[2] The taxpayers stated that they did not carefully review their returns, but simply signed where Bailey told them to. The Government argued that Bailey intentionally overstated

---

[1]Bailey denied these allegations, and the record shows that he never worked for the IRS, nor did he have a great deal of formal training in tax preparation.

[2]In some cases, the business losses were for businesses that either did not exist or were not operational. The witnesses testified that they expressly denied owning or operating a business, but that Bailey told them they qualified for certain business losses/expenses.

taxpayer deductions to get higher refunds for his clients, thereby generating additional business through referrals.

On appeal, Bailey alleges that the evidence was insufficient to show that he knowingly and intentionally made false representations on the taxpayers' returns. Specifically, Bailey claims that the only evidence against him came from the taxpayers who testified that they did not provide any documents to support the deductions listed on their returns. Bailey further claims that these witnesses were not credible because they were granted immunity from prosecution, given favorable treatment, and, in at least one case, intimidated by the Government.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). In the present case, there was no evidence that any of the witnesses received immunity or favorable treatment, other than Bailey's bald assertion that this must be the case or else the witnesses would not have testified.[3] There is also no evidence that any witnesses were intimidated to force their testimony.[4]

The above credibility issues were raised during cross-examination, and it was the jury's responsibility to resolve any conflicts in the testimony. *United States v. Biedler*, 110 F.3d 1064, 1067 (4th Cir. 1997). The evidence presented at trial, if believed by the jury, was sufficient to find Bailey guilty.

---

[3]Bailey assumes that the witnesses were subject to prosecution for perjury because they signed returns containing false information. There is no evidence in the record to support this assumption. We further reject Bailey's apparent attempt to use this alleged perjury to support his argument that the witnesses committed perjury during his trial. There was no evidence that any of the witnesses gave false testimony. There is also no evidence that any witness received favorable treatment. Any concessions made by the IRS in terms of civil penalties were unrelated to the witnesses' testimony.

[4]Bailey uses a statement made by an IRS auditor that she would make the taxpayer's life miserable if he did not come in for an audit to support his claim of intimidation. We find no correlation between this 1997 statement and the witness' testimony at Bailey's November 2000 trial.

Accordingly, we affirm Bailey's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*